262 So.2d 785

**STATE of Louisiana**

v.

**Tony PETERS.**

No. 52530.

June 13, 1972.

BARHAM, Justice (dissenting from refusal to grant writs).

In Britt v. North Carolina, 404 U.S. 226, 92 S.Ct. 431, 30 L.Ed.2d 400 (December 13, 1971), the United States Supreme Court said: "Griffin v. Illinois and its progeny establish the principle that the State must, as a matter of equal protection, provide indigent prisoners with the *basic tools* of an adequate defense or *appeal*, when *those tools* are available for a price to other prisoners." (Emphasis mine.) It further held that the defendant does not bear the burden of proving inadequate the alternative tools suggested by the State.

In the case we are considering, there were, in addition to a trial as to guilt or innocence, numerous pre-trial and post-trial hearings, and 95 bills of exceptions were reserved by the defendant. The requirements maintained by a majority of this court for perfecting bills of exceptions so that they may be considered upon appeal are very technical and demanding, and they often result in prejudice to appellants because of legal technical inexpertise on the part of counsel. See State v. Barnes, 257 La. 1017, 245 So.2d 159 (1971).

Defendant-relator here does not ask for a transcript to validate an appeal, but he requests that transcript in order that his counsel might intelligently and ably prepare the difficult record which will bring an appeal before this court. This tool—a full transcript—for preparing the appellate record with the necessary bills of exceptions is available to all defendants who can pay for it. In Griffin v. Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956), it was said: "Destitute defendants must be afforded as adequate appellate review as defendants who have money enough to buy transcripts."

Under the requirements of our law for perfecting an effective appeal this defendant cannot be afforded as adequate appellate review as would a defendant who

bought the transcript. See also Mayer v. Chicago, 404 U.S. 189, 92 S.Ct. 410, 30 L. Ed.2d 372 (1971); see also my dissent in State v. Johnson, 261 La. 620, 260 So.2d 645 (1972).